## PENNSYLVANIA RAILROAD COMPANY
### v.
### WILLIAM J. CONNELL.

*Railroads—Ejection of Passenger—Action for Damages—Question for Jury—Damages—Whether Excessive.*

1. In an action against a railroad company to recover damages by one who was rightfully on defendant's train and was ejected by its servants upon his refusal to obey the conductor's command to leave the train, it is a question for the jury whether the force used in so ejecting him was unjustifiably violent and excessive and whether such injuries as he sustained thereby were wantonly and maliciously inflicted.

2. In the case presented, this court holds that a verdict for $7,000 for plaintiff is not so large as to require a reversal on the ground that there was manifest passion and prejudice on the part of the jury.

[Opinion filed May 31, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WILLARD & DRIGGS, and A. S. TRUDE, for appellant.

Messrs. SIDNEY SMITH, W. H. HYNES and JOHN I. REDICK, for appellee.

MORAN, P. J.  An action was brought by appellee in the court below to recover damages from appellant for being forcibly expelled from appellant's car by appellant's servants, at a station near Philadelphia.  The case was tried, and a verdict in plaintiff's favor for $15,000 was rendered.  The verdict was set aside by the trial judge, and a new trial had, in which a verdict for the same amount was rendered, and judgment was entered thereon.

The case was appealed to this court and was affirmed, but on appeal to the Supreme Court was reversed, and remanded for a new trial.  The opinion of the Supreme Court, which is reported in 112 Ill. 295, contains a statement of the facts regarding appellee's purchase of a ticket, and the circumstances of his being on the train, and, as the evidence on that branch of the case was in no manner changed at the last trial, we deem it sufficient to refer to said statement.

The Supreme Court determined that appellee was rightfully on the car from which he was expelled, and that the ticket which he tendered to the conductor was a valid ticket binding on the company, and which it was legally bound to honor; but held that when the conductor, acting under the instructions of the company, refused to accept said ticket and demanded that appellee pay his fare or leave the train, it was the duty of appellee to do one or the other, and when he refused to do either and was expelled from the car, he could recover no damages by reason of the mere ejection, unless unnecessary force was used.

The last trial was conducted under the law as thus laid down by the Supreme Court, and the jury was instructed that when the conductor demanded that plaintiff should pay his fare or leave the train "that it was his duty, if he declined to pay his fare, as requested, to leave the train, and that when he refused to leave the train and thus compelled the conductor to resort

to force, he can not recover for any personal injury which he thus voluntarily brought upon himself through the use of such force as was reasonably necessary to remove him from the car."

It was an appropriate question for the jury, under all the evidence, whether the force used by the servants of appellant in ejecting appellee was unjustifiably violent and excessive, and whether such injuries as he sustained during the expulsion were wantonly and maliciously inflicted. The evidence tended to show that appellee received injuries from which serious results followed, and while there is some conflict as to what was said and done by the conductor prior to, and during the expulsion, we can not say that the conclusion reached by the jury is without support in the evidence.

The verdict of $7,000 is not, in our opinion, considering all the circumstances, so large as to require us to reverse the case on the ground that there was manifest passion and prejudice on the part of the jury. There is evidence which warrants the belief that appellee received injuries permanent in their character, that illness resulted from the force used upon him, which prevented him from attending to the practice of his profession as he had before done, and that loss of business and earnings ensued.

Had he left the car at the command of the conductor, he would be entitled to recover, in the language of the Supreme Court, "for every indignity offered, and for all damages sustained." For the indignity of being compelled to leave the car he might have damages, but not for the indignity of being forcibly ejected. In such a case, where the distinctions required by the rule as laid down by the Supreme Court are nice, where the rule requires one who is legally in the right to submit without resistance to the enforcement of a wrong, or if he does resist, limits his right of recovery to damages for such excess of force only as may be used in compelling him to submit, any jury would be very likely to visit with severity any unnecessary force which they find indicated by the evidence.

The man who is rightfully on a train, and produces to

the conductor conclusive evidence of his right, can not be in a more unfavorable position as regards his claim to damages when forcibly expelled by the servants of the company, than one who is a trespasser on the car, and insists on remaining wholly without right. Yet very considerable verdicts have been sustained where excess of force was used in removing a trespasser from the train, and injury resulted, or where he was removed from the car at an improper place, where the result was merely inconvenience. Coleman v. N. Y. & N. H. R. R., 106 Mass. 160; Holmes v. Wakefield, 12 Allen, 580; C. & A. R. R. Co. v. Flagg, 43 Ill. 364; Penn. R. R. Co. v. Vandivin, 42 Pa. St. 365.

We have examined and considered all the points urged by counsel for appellant as grounds of reversal, and we are of opinion that no error was committed in the trial of this case in the court below, which warrants a reversal of the judgment. The same will therefore be affirmed.

*Judgment affirmed.*