## City of Bloomington v. John Costello.

65 407
78 367

1. CITIES AND VILLAGES—*Power to Construct Sewers.*—It is within the power of a city to establish a system of sewers, and if, in doing so, a person is damaged, the public should bear the burden. It can not be shifted upon the damaged party.

2. NUISANCES—*Prescriptive Rights.*—A city can not acquire a prescriptive right to continue a nuisance.

**Trespass on the Case.**—Damage from a sewer. Appeal from the Circuit Court of McLean County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 29, 1896.

Jacob P. Lindley, City Attorney, for appellant; J. H. Rowell and J. S. Neville, of counsel.

J. J. Morrissey and Thompson & Donahue, attorneys for appellee.

Opinion per Curiam.

This is an appeal from a judgment of $300 against the city. The alleged cause of action was an injury to the premises owned and occupied by the plaintiff as a residence. It was alleged that the city emptied its main sewer into a certain creek or watercourse which flowed along the rear of the premises and thereby greatly increased the volume of water in said watercourse and that the city caused and permitted certain obstructions in said watercourse at a point below the premises, and that in consequence whenever there were heavy rains the water would back and overflow the premises, leaving a filthy and noxious deposit thereon; that at all times the water in said creek was polluted by the sewage, and that sickening smells were thereby generated which, together with said overflow, rendered the premises unwholesome and uncomfortable and diminished the value of the same. The plaintiff offered proof tending to show that his property was damaged in the manner alleged and to the amount recovered. On the other hand the city offered proof tending to show that the inconvenience and discomfort complained of were not due to the discharge from the sewer, but to other causes—such as the discharge of polluting matters from a slaughter house and from a gas plant, and to the presence of various nuisances along the banks of the creek, and to the vile odors thereby produced, and to those arising from the slaughter house and the gas works, and from a brick yard near by, and the like. It is apparent that the main issue of fact contested before the jury was as to the real cause of the plaintiff's injury. That he was injured was clear enough; but whether from the alleged act of the city in whole or in part was the question for the jury. After a careful reading of the abstract we

are inclined to think the conclusion reached is sustained by the proof both as to the cause of the injury and its extent. While it was within the power of the city to establish the system of sewerage as it did, and to empty the main sewer into this natural water way as it did, yet if in so doing it damaged the plaintiff he may complain.

If the public necessity required the sewer the public should bear the burden. It can not be shifted upon him. Probably the chief cause of his injury arose from the obstruction of the stream—rendering the flow more sluggish and increasing the tendency to overflow—and if so, the city was negligent. But whether negligent or not as to constructing the sewer, or as to the mode and conditions of the discharge, if the plaintiff was injured he should be compensated.

It was urged that the sewer was established before plaintiff bought his property, and that the city acquired a prescriptive right to continue the nuisance. There can be no such right to maintain a nuisance which is of public nature, as the evidence tended to show this was.

Besides, the proof seemed to establish the position that the flow from the sewer has materially increased of late years and that the obstructions in the stream have also increased, thereby increasing the noxious odors, as well as the tendency to overflow.

The brief of appellant contains many criticisms of the action of the court in respect to the admission and rejection of evidence.

Without going into these in detail we think there is nothing substantial in any of the objections. Some of them were not well taken and others were obviated by subsequent rulings, and on the whole we think the case went to the jury upon as favorable presentation of the facts, so far as the city is concerned, as it had a right to ask. As to instructions much complaint is made. We find the case greatly overloaded with instructions. Those given for the city alone cover twelve pages of the abstract and those for the plaintiff six pages.

The chief objection to be taken to the latter is the unnec-

essary repetition of the principles upon which the plaintiff sought to recover.

Of the thirty instructions given for the city, ten were modified more or less. Seven others were refused.

We have read with care the entire series given, modified and refused, and deem it unnecessary to consider specially the various objections urged. We are convinced that the appellant has no just cause of complaint in this respect.

While it may be conceded that some errors appear in the record, yet we think the main issue of fact was fairly comprehended by the jury, and that the verdict was not induced by those errors.

The judgment will be affirmed.