## City of Litchfield v. Betty Whitenack.

1. NUISANCES—*Assessment of Damages.*—In an action for maintaining a nuisance, in estimating the damages, it is not necessary that any witness express an opinion as to the amount of such damages. The jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their own knowledge, observation and experience in the business affairs of life.

2. CITIES AND VILLAGES—*Prescriptive Right to Maintain a Nuisance.*—A city can not acquire a prescriptive right to maintain a nuisance.

3. EVIDENCE—*In Action for Nuisances—Offensive Odors from Sewers.*—In an action for a nuisance to a dwelling house on account of a sewer it is proper to allow the plaintiff to prove how other members of her family and visitors were affected by the noxious and offensive odors arising from the sewer, and the extent thereof, to aid the jury in determining whether and to what extent she and her family had been deprived of the wholesome and comfortable use of her home, by the stenches and offensive odors from the sewer.

4. DAMAGES—*Nuisances—Rule for Estimating.*—Where the injuries complained of are those sustained by being deprived of the comfortable use and enjoyment of a home, there is no established rule as to the measure of damages, and when the suit is referred to a jury, courts will not ordinarily interfere with the verdict. It is the province of the jury, under appropriate instructions, to decide such cases, and courts have no power to substitute their own judgment for that of the jury.

**Trespass on the Case,** for a nuisance. Trial in the Circuit Court of Montgomery County; the Hon. TRUMAN E. AMES, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

PAUL MCWILLIAMS, attorney for appellant.

LANE & COOPER and OLLER, attorneys for appellee.

MR. PRESIDING JUSTICE GLENN delivered the opinion of the court.

This is an action of trespass on the case brought by appellee against the city of Litchfield. It is alleged in substance in her declaration, which contained but one count, that she was possessed of two lots in the city of Litchfield, on one

of which was a dwelling house in which she resided with her family; that the appellant in the exercise of its corporate powers constructed and built a sewer (giving its commencement, courses and terminus), so that large quantities of foul, nauseous, noxious, putrid substances, liquids and matter flowed out of such sewer and emptied into a ravine that ran near to the residence of appellee, rendering the air unwholesome and offensive, whereby she had been greatly annoyed and disturbed in the enjoyment and occupation of her residence, a two-story house of five or six rooms. This sewer, as it appears from the evidence, is the main sewer of the town, and is five and one-half feet in diameter. In 1896 it was extended so the mouth of the sewer was only seventy-five yards southwest from the door of appellee's dwelling. The sewer empties into a ravine which swings around and passes only a few feet south of her premises. It also appears from the evidence, that there are two large pools of water, one near the mouth of the sewer and the other in front of appellee's premises, about twenty feet long, and five or six feet wide, filled with water and filth and garbage that came through the sewer, and from these pools and the mouth of the sewer arose the foulest stenches, that permeated the air for some distance and impregnated every room of appellee's house, so that it is rendered almost impossible for her to occupy the same. During the extreme hot weather the doors and windows of her house had to be kept closed during mealtime, in order that the family could take their meals. During the summer of 1897 appellee's family were all sick. The friends of appellee who visited them during these times when the air was impregnated with the offensive and noxious odors, became sick and vomited. This cause was tried before a jury that returned a verdict finding for appellee and assessing her damages at $390. A motion for new trial was made by appellant, which was overruled by the court and judgment entered upon the verdict.

The appellant urges a reversal of this cause on these grounds:

1. The court gave improper instructions asked on behalf of appellee, and refused proper instructions submitted by the appellant.

2. The court admitted improper evidence on behalf of appellee and excluded proper evidence offered by appellant.

3. The damages assessed by the jury were excessive.

The first instruction given on behalf of appellee is complained of as being argumentative, and that it ignores material facts in evidence.

This instruction is an application of the law as found in the case of City of Jacksonville v. Lambert, 62 Ill. 519, to the facts in this case, and is clearly authorized by the doctrine announced in that case.

One of the defenses interposed is the five year statute of limitations. By the second instruction the jury are directed, if they find for the plaintiff in assessing her damages, they are limited to those that accrued within five years next preceding the commencement of this suit. In this there was no error. It is claimed on behalf of appellant that the third instruction given on behalf of appellant should have been refused, because it gave the jury unlimited license to assess damages without regard to the amount of damages she had sustained, and any amount of punitive damages that to the jury might seem proper. This criticism is not justified by the language of the instruction. There is not the slightest suggestion in this instruction of punitive damages. It is only the damages which it appears, from the facts and circumstances in evidence, that the appellee has sustained, to which the attention of the jury was directed.

The instruction is as follows :

" If from the evidence in this case, and under the instructions of the court, the jury shall find the issues for the plaintiff, and that the plaintiff has sustained damages as charged in her declaration, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in proof,

and by considering them in connection with their own knowledge, observation and experience in the business affairs of life." This instruction is the law, and has been frequently so held by this and the Supreme Court. It points out the only method that could be adopted for assessment of damages in this kind of a case. City of Chicago v. Major, 18 Ill. 349.

Complaint is made because the court refused appellant's fourth, fifth, sixth, seventh and eighth instructions.

The fourth refused instruction announces the doctrine of contributory negligence. The record is without any evidence to support it, and it was properly refused. The fifth refused instruction asked by appellant was properly refused, because the jury are told the city could acquire a prescriptive right to continue a nuisance. In this case the nuisance complained of was a continuing one and of a public nature, as the evidence clearly shows. The city could not acquire a prescriptive right to maintain a nuisance. City of Bloomington v. Costello, 65 Ill. App. 407.

Instructions six and seven, asked by appellant, were properly refused because substantially the same as the sixth instruction given by the court for appellant.

The eighth instruction asked by appellant was properly refused because not based upon the evidence. It is further insisted by appellant that the court erred in allowing appellee to prove how other members of her family and visitors were affected by the noxious and offensive odors arising from the sewer and ravine, and the extent thereof. This evidence was properly admitted. It would aid the jury in determining whether and to what extent appellee and her family had been deprived of the wholesome and comfortable use of her home by the stenches and offensive odors from the sewer and ravine. It would show the extent and character of the injury sustained by the appellee, and as tending to prove that the nuisance objected to was capable of inflicting the injuries complained of. Wylie et al. v. Elwood, 134 Ill. 286; Cooper v. Randall, 59 Ill. 317; Gempp v. Bassham, 60 Ill. App. 84.

It is urged as a ground of reversal that the damages are excessive. It is not contended that appellee was not entitled to recover damages. The contest is as to the amount. The injuries complained of are those which are sustained by her, by being deprived of the comfortable use and enjoyment of her home. In such cases there is no legally established rule as to the quantity of damages. " When there is not a legal measure of damages, and when the damages are unliquidated, and the suit is referred to a jury, the court will not ordinarily interfere with the verdict. It is the peculiar province of the jury, under appropriate instructions from the court, to decide such cases, and the law does not recognize in the court the power to substitute its own judgment for that of the jury." Sutherland on Damages, Vol. 1, p. 810; C. & A. R. R. Co. v. Fisher, 38 Ill. App. 33; I. C. R. R. Co. v. Simmons, 38 Ill. 242; Penn. R. R. Co. v. Connell, 26 Ill. App. 594.

The record in this case is substantially free from error, and the judgment of the court will be affirmed.