Monarch Refrigerating Company of Chicago, Appellant, v. City of Chicago, Appellee.

Gen. No. 43,598.

 Opinion filed April 24, 1946. Rehearing denied May 10, 1946. Released for publication May 10, 1946.

URION, BISHOP & SLADKEY, of Chicago, for appellant; HOWARD F. BISHOP and GEORGE P. NOVAK, both of Chicago, of counsel.

BARNET HODES, Corporation Counsel, for appellee; J. HERZL SEGAL, Head of Appeals and Review Division, JOHN J. MORTIMER and L. LOUIS KARTON, Assistant Corporation Counsel, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

A complaint filed in the superior court of Cook county on May 29, 1936 by Monarch Refrigerating Company of Chicago against the City of Chicago, contained two counts, the first of which alleged that plaintiff was a corporation engaged in the cold storage warehouse business; that during the construction of the Wabash avenue bridge and viaduct, it operated 16 buildings in the vicinity of the structure; that the buildings were adapted for use in conformity with the normal established grades of the surrounding streets, sidewalks and alleys adjacent thereto; that prior to the construction of the viaduct there was free and easy access to and from the premises and the highways, sidewalks, streets and alleys; that the building of the viaduct interfered with the former open and free access plaintiff had to other sections of the city; that the change in the grade of the adjacent streets, sidewalks and alleys deprived plaintiff of the beneficial use of its various loading platforms, docks, etc.; that a considerable portion of its damage arose out of the fact that in order to provide sufficient clearance over various railroad tracks in the neighborhood, the approach to the bridge was constructed so as to begin at a point much farther away from the bridge

than was originally planned; that the construction of huge caissons for the support of the viaduct, in front of and adjacent to plaintiff's buildings, further interfered with the ingress and egress from and to the premises; that plaintiff owned the fee to the streets adjoining the properties; that the construction of the viaduct constituted an additional servitude thereon; that the construction of the viaduct necessitated structural changes in all of the buildings due to loss 'of and interference with loading facilities and likewise destroyed its switchtrack; and that no part of the damage complained of was due to the lack of exercise of ordinary care on its part. In the second count it was alleged that the foregoing damage was caused by negligence in the construction of the viaduct by the defendant. Both counts prayed for judgment in the sum of $200,000.

Defendant filed a motion to dismiss on the ground that the action was barred by the five year Statute of Limitations, with an affidavit attached by John M. McCarthy, an assistant corporation counsel, stating that he was acquainted with the facts "by investigation"; that the public work mentioned in the complaint was begun on November 17, 1930; that the excavation work for the changing of the highways was completed on January 10, 1931; and that the "streets in question" were paved and open to traffic on April 29, 1931. Plaintiff thereupon filed a counter affidavit of George P. Novak, an attorney associated with its counsel, in which he states that he examined the official records of defendant; that in the 56th annual report of the Department of Public Works for the year ending December 31, 1931 appears the following: "Wabash Avenue Bridge, Viaduct, North Approach and Street Adjustments. The steel adjustment work was fully completed June 22, 1931, with the placing of the pavement in Kinzie Street. . . . The 'Gunite' work was resumed March 23rd and all work on the viaduct was completed June 15, 1931.

Wabash Avenue Bascule Bridge. Work completed on North Approach and Street Adjustments June 22, 1931; Improvement completed June 22, 1931.'' Affiant further deposed that in the 57th annual report of the Department of Public Works for the year ending December 31, 1932, the following official entries appear: ''Division of Bridges and Viaducts—Investigating Section—Special Work: Assistance was rendered the Corporation Counsel's office in the matter relating to the acquisition of property located at the northwest corner of Kinzie Street and North Wabash Avenue, required for the purpose of finishing the new Wabash Avenue Viaduct to its full width. North Wabash Avenue Bridge and Viaduct Improvement: An ordinance was prepared covering the acquisition of property located at the northwest corner of Kinzie Street and Wabash Avenue to permit the completion of this viaduct to its full width, and other negotiations were carried on relating to this matter.'' Affiant further states that in the 58th annual report of the Department of Public Works for the year ending December 31, 1933 appears the following: ''Bureau of Engineering—Division of Bridges and Viaduct—Construction Section. Wabash Avenue Viaduct: At the time the Wabash Avenue Viaduct was constructed, the building at the northwest corner of Kinzie Street and Wabash Avenue interfered with the completion of the sidewalk at this corner. The corner of the building was cut away by the owner. The sidewalk was completed June 15th by the Construction Division Day Labor forces. Investigating section: North Wabash Avenue Bridge and Viaduct Improvement: Negotiations covering the purchase of property located at the northwest corner of Kinzie Street and Wabash Avenue to permit the completion of this viaduct to its full width were consummated.''

This counter affidavit further sets forth that the council proceedings of defendant show that at a regular meeting held on June 1, 1932, the following com-

munication addressed to the mayor and city council, dated May 14, 1932, was submitted by the Commissioner of Public Works:

"Herewith copies in duplicate of an ordinance, together with a letter of approval by the Corporation Counsel, providing for the acquisition of a part of land located at the northwest corner of North Wabash Avenue and East Kinzie Street, required to permit the completion of the North Approach Viaduct of the said North Wabash Avenue Bridge and to eliminate a dangerous traffic condition. This ordinance is transmitted with the recommendation that it be passed."

This affidavit further stated that the official record showed that at the meeting of June 1, 1932, an ordinance was adopted providing for the acquisition of the property referred to in the foregoing communication, the pertinent part of which ordinance reads:

"Whereas, The City of Chicago as a necessary part of said improvement, requires the fee to sufficient land and premises located at the northwest corner of North Wabash Avenue and East Kinzie Street now belonging to the said trustees of the estate of Michael Espert, deceased, to permit the completion of the north approach of said North Wabash Avenue bridge; . . . ."

The concluding paragraph of this affidavit reads:

"Affiant therefore states that according to the official records of the defendant aforesaid, the public improvement known as the North Wabash Avenue Bridge and Viaduct, the construction of which caused the damage complained of in the above cause, was not completed within five years of the filing of the complaint herein on May 29, 1936, and that the statutory limitation period does not bar plaintiff's cause of action herein."

Defendant thereupon was given leave to file two additional affidavits in support of its motion to dismiss and plaintiff obtained leave to file an additional counter affidavit. Defendant's first additional affidavit, by Abe Cohn, stated that from August 1926 to November 1932 he was in the employ of the Department of Bridges of defendant; that his duties included the inspection of work for the purpose of making a daily report of the progress thereon during the time of the construction and completion of the Wabash Avenue Bridge and Viaduct Improvement; that he knows of his own knowledge that the regrading and resurfacing of East Kinzie, East Austin, North Rush, East North Water street, Rush street and North Wabash avenue was completed and the streets open to traffic on April 29, 1931. Defendant's second additional affidavit by Stephen J. Michuda states that he is Engineer of Bridges, in charge of the Division of Bridges and Viaducts of the Department of Public Works of defendant; that in this capacity he has under his supervision and control the daily progress reports of the work in connection with the construction of the Wabash avenue bridge and approaches thereto; that the caissons supporting the approaches to the bridge in the vicinity of E. Kinzie street, E. Austin avenue, N. Rush street, E. North Water street and E. Illinois street were installed and completed on or before September 30, 1930; and that the Wabash avenue bridge and viaduct and approaches thereto were completed and open to public traffic on December 20, 1930. The last affidavit filed was plaintiff's second counter affidavit by Elmer Clausen, who stated that he is an engineer and surveyor; that he has been such for more than 35 years; that he has devoted himself exclusively to the practice of his profession, which included the examination of most of the important public works constructed in the City of Chicago and

adjacent territory during that period; that during the construction of the Wabash avenue bridge and approach, he represented a number of property owners adjacent thereto "for the particular purpose, among others, of observing the effect upon these properties of the construction of the approach, including the digging of caissons in order to advise these property owners of the various steps to be taken by them in their best interests and looking after their properties during the construction work and in ascertaining the amount of settlement"; that during the period from 1930 to the end of 1933 he spent most of his time in this immediate neighborhood, particularly from Grand avenue south to the Chicago river, during which time he observed the progress of the construction of the Wabash avenue approach north of the Chicago river; that it was "after July 1, 1933 the aforesaid approach was completed," and that it was "after July 1, 1933 work was being done by the City of Chicago in completing the upper level and the lower level of the approach as well as the matter of columns, railings, pavements and other parts of the structure"; and that said work was being done on and after July 1, 1933 in front of and adjacent to the buildings described in plaintiff's complaint. Under this state of the record the court sustained defendant's motion to dismiss on the ground that the five year Statute of Limitations had run against plaintiff's claim, and entered judgment accordingly. Plaintiff appealed.

Plaintiff maintains that there is nothing in the record to support the judgment entered on the theory that the Statute of Limitations had run against its cause of action, and that according to the official published proceedings of the Department of Public Works and of the City Council, land was being acquired and work was being done on the viaduct during the years 1932 and 1933, and that the Statute of Limitations could not have started to run against its claim on

May 29, 1931. Defendant insists that the trial court properly sustained its motion on the ground that the plaintiff did not institute its action within five years from the date when its cause of action accrued.

Section 15 of the Statute of Limitations (par. 15, ch. 83, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 107.275]) provides that actions to recover damages for an injury done to property, real or personal, and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued. Section 48 of the Civil Practice Act (par. 172, ch. 110, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 104.048]) provides that a defendant may move to dismiss the action on the ground that it did not accrue within the time limited by law for the commencement of such action, and support such motion by affidavits where the defect does not appear on the face of the complaint. This section provides further that if the opposite party shall present affidavits or other proof denying the facts alleged or establishing facts obviating the objection, the court may hear and determine the same and may grant or deny the motion, but if disputed questions of fact are involved, the court may deny the motion without prejudice and shall deny it if the action is one at law and the opposite party demands that the issue be submitted to a jury. The record does not indicate whether plaintiff demanded a trial by jury. However, we are of the opinion that if the affidavits supporting the motion and the countervailing affidavit presented a factual issue, that issue would necessarily have to be submitted to the trier of the facts, whether a jury or the court without a jury.

The criticism leveled by plaintiff at the affidavit made by the assistant corporation counsel that he is acquainted with the facts by investigation, is meritorious. He does not claim to have been in the vicinity during the time of the construction of the project, or

at the time it was completed, nor does he state what "his investigation" of the facts consisted of. The affidavits filed by plaintiff nowhere denied the statements in the affidavits submitted by defendant that the Wabash avenue bridge, viaduct, approaches and street grade changes were made prior to April 29, 1931, and that the streets in question were paved and open to traffic on April 29, 1931. Paragraph 8 of each count of the complaint alleges that the defendant completed the improvement on or about the first of June 1931. The affidavit of Elmer Clausen, filed by plaintiff, states that the approach was completed after July 1, 1933, and that after July 1, 1933 "work" was being done by the city in "completing the upper level and the lower level of the approach, as well as the matter of columns, railings, pavements and other parts of the structure." The reports of the Department of Public Works for the year ending December 31, 1931, December 31, 1932 and December 31, 1933 show that the city was still performing certain work on the improvement. The records of this department and the ordinance of July 1, 1932 also show that in 1932 the city was acquiring land at the northwest corner of North Wabash avenue and East Kinzie street to complete the viaduct "to its full width" and "to eliminate a dangerous traffic condition."

From a reading of all the affidavits it becomes apparent that the Wabash avenue bridge, viaduct, approaches and streets whose grades were changed, were paved and open to traffic on April 29, 1931. Plaintiff was aware of the fact that the improvement damaged its property as soon as the grades were changed in the streets and they were paved and open to traffic. By April 29, 1931 plaintiff, by its agents and officers, knew or could ascertain whether it was damaged by interference with the former open and free access to other sections of the city, by the change in the grade of the adjacent streets, sidewalks and alleys, by being de-

prived of the beneficial use of its various loading platforms and docks, by interference with the ingress and egress by the construction of huge caissons for the support of the viaduct, by necessary structural changes in its buildings, due to loss and interference with loading facilities, and by destruction of its switchtrack facilities. Even though the improvement was not entirely completed, plaintiff's cause of action accrued on April 29, 1931.

We have read the cases cited by the parties. Cases arising under the Mechanics Lien Act are not in point for the reason that that Act requires the suit or lien to be filed within a certain time after completion, or if extra or additional work is done or material is delivered therefor, within a certain time after the completion of such work or additional work, or the delivery of such extra or additional material. Our view is that the law applicable to the case at bar is stated by our Supreme Court in *Schlosser v. Sanitary District of Chicago*, 299 Ill. 77, where plaintiff recovered a judgment because of the alleged permanent injury to his land because of the operation and construction of the sanitary district channel. The suit was begun on January 30, 1905. In reversing the judgment and remanding the cause, the court said (83):

"The parties by their pleadings in this case have raised the issue of the limitation of the action, not with reference to the time when the work was completed and put in operation but with reference to the time when the appellee's land was actually invaded by the waters of the district. It is not material that the water did not at once render the land useless. If the flow of water in the river was increased, the cause of action was complete, as we have held, when the work was complete and put in operation. The limitation under the pleadings in this case, however, began to run when the increased flow of water reached the appellee's land, and he was bound to sue within five years of that time,

not only for all the damages which he had sustained but for all which he would sustain thereafter or be barred from maintaining any action. . . . . The cause of action which accrued by reason of the construction and operation of the work was not affected by the fact that the full amount of the damage which would be sustained did not accrue or was not apparent immediately. The court instructed the jury that if it appears by a preponderance of the evidence that prior to January 30, 1900, any water from the Illinois river invaded any portion of the appellee's land that it would not have invaded had not the sanitary district turned its flow into the Illinois river, the damages to the entire land described in the appellee's declaration occurred on the date when such invasion took place, and in that state of the proof the plaintiff cannot recover. This instruction was more favorable to the plaintiff than he was entitled to. The evidence showed, without contradiction, that water from the Illinois river did invade the plaintiff's land which would not have been invaded had the sanitary district not turned its flow into the Illinois river, and the court should have instructed the jury to find a verdict for the defendant.''

In *Chicago North Shore St. Ry. Co. v. Payne,* 192 Ill. 239, the court said (247):

''Where the suit is not for negligent or improper construction or operation, and is for damages accruing from a construction of a permanent character, all damages, in law, accrue when the cause of the injury is created, and the recovery must be for the whole damage, of which depreciation in market value is the measure.''

Plaintiff could have brought its action on April 29, 1931. At that time the damage to plaintiff's property was evident and ascertainable. The grades of the streets had been changed and the street, viaduct and

approaches were paved and open to traffic. We are satisfied that plaintiff's action was barred by the five year limitation and that the court was right in sustaining defendant's motion and entering judgment against plaintiff.

Therefore, the judgment of the superior court of Cook county is affirmed.

*Judgment affirmed.*

Kiley, P. J., and Lewe, J., concur.