E. F. Horner, Appellant, v. County of Winnebago and A. R. Carter, Appellees.

Gen. No. 10,176.

Opinion filed September 18, 1947. Rehearing denied February 3, 1948. Released for publication February 4, 1948.

John R. Snively, of Rockford, for appellant.

Max A. Weston, State's Attorney, and Robert R. Canfield, Assistant State's Attorney, for appellees.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

This case was first appealed to the Supreme Court, the appellants claiming that a freehold was involved. The court found that there was not, and the case was

transferred to this court. *Horner v. County of Winnebago,* 396 Ill. 382.

The statement of the case by the Supreme Court is as follows: "August 3, 1945, the plaintiff, E. F. Horner, brought an action in the circuit court of Winnebago county against the defendants, the county of Winnebago and A. R. Carter, to recover damages of $25,000.00 for trespass to real property. Each of the five counts of the complaint alleges a trespass by defendants in the year 1930, and thereafter for fifteen years, upon real property owned by plaintiff in the town of Roscoe. The property is described as a parcel fifty feet in width along its southerly side, fronting upon a highway known as River street and, also, as State Aid Route 16. Additional allegations are that, prior to 1930, the highway had been used by the public and in existence for more than sixty years; that, in 1930, defendants changed or altered the direction or course of the thoroughfare in such manner that it, or a part thereof, passed over, across and upon plaintiff's property; that, in so doing, defendants committed a trespass and, further, that they have used and maintained plaintiff's land as a part of the altered public street or highway without his consent and without instituting any proceedings so to do. Defendants interposed a verified motion to dismiss upon the grounds, among others, that plaintiff's action was barred by the Statute of Limitations; that an earlier action was res adjudicata of the present cause of action and, further, it had been adjudicated in a second action that, for more than five years prior to the day the complaint was filed, plaintiff had not been the owner of the land adjoining the highway. The affidavit of an assistant State's Attorney, attached to and incorporated in the motion to dismiss, avers that the issue determined in an earlier action (*E. F. Horner v. County of Winnebago*) brought by plaintiff against the county of Winnebago in the circuit court is the

identical issue involved in the present cause. By a second affidavit, it is averred that another earlier cause in the circuit court, captioned *Second National Bank of Beloit, Wisconsin v. E. F. Horner*, appears to be an action to foreclose upon the land which plaintiff charges adjoins the roadways constructed by the county; that the strip of land in issue in this cause appears to be the same area in issue in *E. F. Horner v. County of Winnebago*, and that, by virtue of the foreclosure decree and the master's deed subsequently issued, plaintiff has not been the owner of the land contiguous to the roadway in controversy for more than five years prior to initiating this action. On June 28, 1946, approximately ten months after defendants' motion to dismiss was filed, and without having obtained the permission of the court, plaintiff's attorney filed a counteraffidavit, denying the material averments of defendants' motion and supporting affidavits. The motion to dismiss was allowed and the cause dismissed. Accordingly, judgment was rendered in favor of defendants and against plaintiff.''

It is claimed by the appellee that the Statute of Limitations is a complete defense to the plaintiff's cause of action. It will be observed that the change in the highway in question, was made in the year of 1930. Plaintiff's suit was not started until August 3, 1945, and unless there are some facts appearing from the pleadings, the Statute of Limitations clearly applies. One of the leading cases upon this subject is *Schlosser v. Sanitary Dist.*, 299 Ill. 77. In the *Schlosser* case the suit was brought a few days after the five-year period in which the sanitary district had completed its canal. The question arose whether in computing the time at which the Statute of Limitations should start to run, was the date of the completion of the canal, or when the water flowing through the canal would reach the plaintiff's land. The court held in either case the statute had begun to run and

the five-year period had expired, and that the plaintiff could not maintain the suit. On page 82 of the opinion, we find this language: ''The drainage canal is a permanent structure whose use and operation in the manner authorized by law were necessarily injurious to the appellee's land. The declaration did not complain of the manner of construction, operation or use of the canal or the works connected with it or of any negligence of the appellant, but alleged a permanent injury to the appellee's land caused by the existence, operation and use of the canal in the manner authorized by law. For such injury the person injured must recover all damages which he has sustained or will sustain in the future from the operation of the canal in the manner and to the amount then authorized by law in a single suit, and that suit must be brought within five years after the completion of the work and putting it in operation. (*Suehr v. Sanitary District,* 242 Ill. 496; *Vette v. Sanitary District,* 260 id. 432; *Shaw v. Sanitary District,* 267 id. 216; *Wheeler v. Sanitary District,* 270 id. 461.) The parties by their pleadings in this case have raised the issue of the limitation of the action, not with reference to the time when the work was completed and put in operation but with reference to the time when the appellee's land was actually invaded by the waters of the district. It is not material that the water did not at once render the land useless. If the flow of water in the river was increased, the cause of action was complete, as we have held, when the work was complete and put in operation. The limitation under the pleadings in this case, however, began to run when the increased flow of water reached the appellee's land, and he was bound to sue within five years of that time, not only for all the damages which he had sustained but for all which he would sustain thereafter or be barred from maintaining any action.''

Similar questions were involved in the suit of *Christie v. Sanitary Dist.*, 256 Ill. App. 63 and *Meredosia Lake Drainage & Levee Dist. v. Sanitary Dist. of Chicago*, 268 Ill. App. 93.

In the case of *Monarch Refrigerating Co. v. Chicago*, 328 Ill. App. 546, the plaintiff, a refrigerating company, charged that the City of Chicago in the construction of the Wabash avenue bridge and viaduct damaged their buildings, which they had been using in the operation of their business, and that the change in the grade of the adjacent streets, sidewalks and alleys deprived them of its beneficial use, of its docks, etc. The defendant filed a plea of the Statute of Limitations. The court there held that the suit should have been brought within five years from the time the grades and streets had been changed and paved, and open to traffic, and that the five years' Statute of Limitations did apply. Appellant has cited no case as sustaining his contentions that the Statute of Limitations should not apply in this case.

There are other points raised by the appellant, which we need not discuss. Whether the suit brought by appellant was *res adjudicata,* or whether the plaintiff had lost title to the premises, we do not decide, as we are satisfied the court was correct in sustaining the motion to dismiss the suit, because the Statute of Limitations was applicable. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*